United States District Court
Southern District of Texas

**ENTERED**
June 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| WELLS FARGO VENDOR FINANCIAL SERVICES, LLC §<br>§<br>§<br>   Plaintiff. §<br>§<br>V. §<br>§<br>LONE STAR LAND WORKS, LLC, *et al.*, §<br>§<br>§<br>   Defendants. § | CIVIL ACTION NO. 3:26-cv-00027 |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION

On December 23, 2025, Plaintiff Wells Fargo Vendor Financial Services LLC filed suit in state court against Defendants Lone Star Land Works, LLC and Brandon Marques. Wells Fargo alleges that Defendants defaulted under the terms and conditions of a loan agreement and guaranty. Defendants timely removed the case to federal court.

This case has been referred to me for all pre-trial purposes. There are five pending motions : (1) Wells Fargo's Motion to Dismiss Defendants' Counterclaim (Dkt. 18); (2) Wells Fargo's Motion to Enforce Jury Waiver and Strike Defendants' Request for Jury Trial (Dkt. 19); (3) Defendants' Motion for Leave to File Amended Counterclaim (Dkt. 22);[1] (4) Wells Fargo's Motion to Dismiss Defendants' Amended Counterclaim (Dkt. 27); and (5) Wells Fargo's Renewed Application for Writ of Sequestration (Dkt. 29). I will address each motion below.

---

[1] Defendants title this pleading: "Motion for Leave to File Amended Petition." Because Defendants request leave to file an amended counterclaim, I will refer to the motion as "Motion for Leave to File Amended Counterclaim."

**WELLS FARGO'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM (DKT. 18)[2] AND DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM (DKT. 22)[3]**

On March 6, 2026, Defendants filed a counterclaim seeking a declaratory judgment. *See* Dkt. 12. On March 30, 2026, Wells Fargo filed a motion to dismiss the counterclaim for failure to state a claim. *See* Dkt. 18. To date, Wells Fargo has not responded to the counterclaim. On April 7, 2026, Defendants filed a Motion for Leave to File Amended Counterclaim (Dkt. 22), and Defendants filed the amended counterclaim (Dkt. 23) itself.

Federal Rule of Civil Procedure 15(a)(1)(B) permits "a party" to "amend its pleading once as a matter of course" so long as "the pleading is one to which a responsive pleading is required" and the amendment is made within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . , whichever is earlier." The amended counterclaim was filed on April 7, 2026. That is within 21 days of March 30, 2026—the date Wells Fargo filed its motion to dismiss under Rule 12(b)(6). Simply put, Defendants filed the amended counterclaim in accordance with Rule 15(a)(1)(B)'s time limitations. Because Defendants did not require leave to file their amended counterclaim, the Motion for Leave to File Amended Counterclaim is unnecessary. Defendants' amended counterclaim (Dkt. 23) is now the live pleading. Accordingly, I recommend that Wells Fargo's Motion to Dismiss Defendants' Counterclaim (Dkt. 18) be denied as moot.

---

[2] A motion to dismiss is a dispositive pretrial matter for which a magistrate judge may only issue a recommendation. *See* 28 U.S.C. § 636(b)(1)(A); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

[3] A motion for leave to amend is a nondispositive pretrial matter properly decided by a magistrate judge. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x. 848, 851 (5th Cir. 2010).

### WELLS FARGO'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIM (DKT. 27)

I now turn to Wells Fargo's Motion to Dismiss Defendants' Amended Counterclaim. In their amended counterclaim, Defendants seek a declaratory judgment in their favor as to one or all of the following 11 issues:

[1].  Whether the venue provision of the Note and/or Guarantee violate the territorial restrictions of Iowa law.

[2].  Whether the notice of the venue provision is "conspicuous" as that term is known in Iowa law.

[3].  Whether the waiver of a jury trial was required to be conspicuously displayed in the documents, under Iowa law.

[4].  Whether the waiver of a jury trial was conspicuously displayed.

[5].  Whether the transaction violates Iowa's consumer protection laws, including unscionability [sic] or prohibited deceptive practices.

[6].  What is the value of the equipment.

[7].  Whether Plaintiff can recover both the full amount of the note and simultaneously repossess the equipment.

[8].  Whether Notice was required to be provided to Brandon Marques prior to suit.

[9].  Whether Notice was provided to Brandon Marques prior to suit.

[10]. What amount of attorneys['] fees were reasonably and necessarily expended to defend this suit.

[11]. Any other issue that arises during the pendency of this suit, that requires the Court to determine a legal or factual issue.

Dkt. 23 at 3–4.

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) ("[T]he Declaratory Judgment Act gives the court a choice, not a command." (quotation omitted)). "On its face, the [Declaratory Judgment Act] provides that a court '*may* declare the rights and other legal relations of any

3

interested party seeking such declaration.'" *Wilton*, 515 U.S. at 286 (quoting 28 U.S.C. § 2201(a) (emphasis added)). "The Declaratory Judgment Act does not create an independent cause of action; it only provides a form of relief." *Carson v. Fed. Nat'l Mortg. Ass'n*, 5:11-ca-925, 2012 WL 13029757, at *2 (W.D. Tex. Jan. 26, 2012).

"A determination of whether to grant declaratory relief is within the district court's discretion." *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 523 (5th Cir. 2016). District courts may decline "to exercise their discretion to decide declaratory judgment actions where deciding that action would be redundant in light of the affirmative causes of action before the Court." *Amerisure Ins. Co. v. Thermacor Process, Inc.*, 4:20-cv-01089, 2021 WL 1056435, at *7 (N.D. Tex. Mar. 19, 2021) (collecting cases). Stated differently, "[w]hen the request for a declaratory judgment adds nothing to an existing suit, and is merely duplicative of the substantive claims already at issue, the request for a declaratory judgment need not be entertained." *Carson*, 2012 WL 13029757, at *2.

In its "broad discretion to grant (or decline to grant) declaratory judgment," a court may consider a variety of factors. *Wilton*, 515 U.S. at 281 (quotation omitted). "The two principal criteria guiding" whether to render a declaratory judgment "are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1471 (5th Cir. 1993) (quotation omitted). "When requests for declaratory relief seek resolution of issues that will be resolved as part of the causes of action asserted, dismissal is appropriate." *Lone Star 24 HR ER Facility, LLC v. Blue Cross & Blue Shield of Tex.*, 785 F. Supp. 3d 215, 220 (W.D. Tex. 2025).

The declarations Defendants seek are thinly disguised reasons why Defendants do not think that Wells Fargo should prevail. Most of the 11 issues that Defendants claim are ripe for declaratory relief are subsumed by the resolution of

Wells Fargo's affirmative claims in this lawsuit. Consequently, Defendants' "declaratory judgment counterclaim should be dismissed as redundant because resolution of [Wells Fargo]'s claim, along with [Defendants'] affirmative defenses, will necessarily resolve all issues raised by the declaratory judgment counterclaim." *Meridian Sec. Ins. Co. v. Morris*, No. 5:22-cv-151, 2023 WL 5313905, at \*4 (E.D. Tex. Aug. 1, 2023).[4]

For these reasons, I recommend that Wells Fargo's Motion to Dismiss Defendants' Amended Counterclaim (Dkt. 27) be granted.

## WELLS FARGO'S MOTION TO ENFORCE JURY WAIVER AND STRIKE DEFENDANTS' REQUEST FOR JURY TRIAL (DKT. 19)[5]

When Defendants removed this case to federal court, they filed a Notice of Jury Demand, seeking "the equitable and constitutionally guaranteed right to a jury trial." Dkt. 2. Wells Fargo moves to strike Defendants' jury demand, arguing that Defendants contractually waived the right to a jury trial. *See* Dkt. 19.

The Master Loan and Security Agreement between Lone Star and Wells Fargo contains a mutual waiver of jury trial:

> **20. JURY TRIAL WAIVER; APPLICABLE LAW, VENUE.** ALL PARTIES WAIVE ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION, SUIT, OR PROCEEDING ARISING OUT OF, IN CONNECTION WITH OR RELATING TO ANY EQUIPMENT, THIS MASTER AGREEMENT, ANY LOAN, ANY OTHER DOCUMENT OR ANY TRANSACTION CONTEMPLATED HEREBY . . . .

---

[4] Although Defendants seek a declaratory judgment for a few issues unrelated to Wells Fargo's claims for affirmative relief, those topics are inappropriate for declaratory relief. For example, Defendants seek declarations concerning whether the waiver of a jury trial was conspicuously displayed. This is a question of law for the court to decide before trial commences. Defendants also seek a declaration on attorneys' fees. Dkt. 23 at 4. There is no reason for such a declaration because attorneys' fees are not awarded to the prevailing party in a case brought under the Declaratory Judgment Act. *See Mercantile Nat. Bank at Dall. v. Bradford Tr. Co.*, 850 F.2d 215, 218 (5th Cir. 1988). Finally, Defendants' request for a declaration on "[a]ny other issue that arises during the pendency of this suit, that requires the Court to determine a legal or factual issue" is overly broad and wholly inappropriate. Dkt. 23 at 4.

[5] A motion to strike a jury demand is a non-dispositive pre-trial matter on which a magistrate judge can rule. *See Harmon v. Shell Oil Co.*, No. 3:20-cv-00021, 2023 WL 2474503, at \*1 n.1 (S.D. Tex. Mar. 13, 2023).

Dkt. 1-3 at 19. Similarly, the Continuing Guaranty executed by Marques also provides a mutual jury waiver:

> This Guaranty shall be governed by the laws of the State of Iowa. YOU AND WE, BY OUR ACCEPTANCE OF THIS GUARANTY, WAIVE EACH OF OUR RESPECTIVE RIGHTS TO TRIAL BY JURY.

Dkt. 1-3 at 25.

The Seventh Amendment of the United States Constitution grants parties the right to a jury trial in a civil matter. U.S. CONST. amend. VII. Even so, the United States Supreme Court "has long recognized that parties can waive their jury right." *Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535, 540 & n.5 (5th Cir. 2023) (citing *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848–49 (1986)). Once the party seeking to enforce the jury waiver has shown that a facially valid contract exists, the burden shifts to the party objecting to the enforcement of the waiver to show why it is entitled to a jury. *See Pandya*, 79 F.4th at 541. "An express waiver requires only that the party waiving such right do so voluntarily and knowingly based on the facts of the case." *Id.* (quotation omitted) "[I]n determining whether, under the totality of the circumstances, a contractual jury waiver is knowing and voluntary[,]" the Fifth Circuit has identified four non-exhaustive factors to consider: "(1) whether both parties had an opportunity to negotiate the terms of the agreement, (2) whether the provision waiving jury trial was conspicuous, (3) the relative bargaining power of the parties, and (4) the business acumen or professional experience of the party opposing the waiver." *Id.* at 544 (quotation omitted).

Application of these four factors does not support voiding the jury waiver provisions at issue. First, the record before me is silent as to whether both parties had an opportunity to negotiate the terms of the loan agreement and guaranty. Second, the jury waiver in both the loan agreement and guaranty is conspicuous; it is capitalized and located near the signature lines. Wells Fargo "did not place the waiver in the middle of a paragraph of inconsequential terms that are easily

skippable." *Id.* at 545. Third, although Wells Fargo is an institution, there is no evidence suggesting that Defendants had "the kind of extreme bargaining disadvantage or gross disparity in bargaining position that occurs only in certain exceptional situations." *Id.* (quotation omitted). Fourth, in terms of Defendants' business acumen, Marques, the President of Lone Star, presented an affidavit in which he describes himself as a businessman who regularly enters loan transactions. *See* Dkt. 21-1. This undercuts any claim that Marques—and Lone Star—did not know what they were doing when they entered agreements expressly waiving their right to a jury trial. In sum, not one of the four factors weighs in Defendants' favor.

Because I find that Defendants have failed to meet their burden to show that they did not knowingly and voluntarily waive their right to a jury trial, I conclude that the jury waiver is valid. I strike Defendants' jury demand.

### WELLS FARGO'S RENEWED APPLICATION FOR WRIT OF SEQUESTRATION (DKT. 29)[6]

Wells Fargo also seeks a writ of sequestration, which would require Defendants to deliver the 2023 Bobcat Model T770 New Compact Track Loader that was offered as collateral in exchange for a $96,302.39 loan payment.

"Sequestration . . . is the modern counterpart of an ancient civil law device to resolve conflicting claims to property." *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 605 (1974). It "is an extraordinary pre-judgment writ whereby property in dispute . . . may be seized and held" by designated law enforcement officers "until it is sold, replevied or turned over as ordered by the court." *Baragas v. Coupland State Bank*, No. 03-01-00098-CV, 2001 WL 1509972, at *1 n.3 (Tex. App.—Austin Nov. 29, 2001, no pet.). Federal Rule of Civil Procedure 64 provides for "sequestration" when that "remedy is available . . . under the law of the state where the court is

---

[6] Because a writ of sequestration "functionally seeks an injunction," it is considered a dispositive pretrial matter for which a magistrate judge may issue only a recommendation. *Mercedes-Benz Vehicle Tr. v. Kyoung Lim Jung*, No. 3:26-cv-403, 2026 WL 1459191, at *1 (N.D. Tex. Apr. 29, 2026).

located." Texas law allows for writs of sequestration on personal property when "a reasonable conclusion may be drawn that there is immediate danger that the defendant or the party in possession of the property will conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county during the suit." Tex. Civ. Prac. & Rem. Code § 62.001(1). An application for a writ of sequestration must be made under oath and must set forth "(1) the specific facts stating the nature of the plaintiff's claim; (2) the amount in controversy, if any; and (3) the facts justifying issuance of the writ." *Id.* at § 62.022. The burden is on Wells Fargo, as the party seeking a writ of sequestration, to establish both the facts alleged and the grounds for the writ's issuance. *See Rexford v. Holliday*, 807 S.W.2d 356, 358 (Tex. App.—Houston [1st Dist.] 1991, no writ).

Here, Wells Fargo has failed to offer evidence that allows me to draw "a reasonable conclusion" that Defendants "will conceal, dispose of, ill-treat, waste, or destroy" the Track Loader "or remove it from the county during the suit." Tex. Civ. Prac. & Rem. Code § 62.001(1). In support of its request for a writ of sequestration, Wells Fargo presents the affidavit of Ryan Forret, a Senior Loan Workout Specialist at Wells Fargo Bank, N.A. *See* Dkt. 29-1. Forret's affidavit is full of unremarkable statements that the Track Loader is "a depreciable asset that can be destroyed, damaged, or transported out of the jurisdiction of this Court" and it is "within the power of [Defendants] to conceal, waste, encumber, convert, convey, or remove" the Track Loader from this court's jurisdiction. *Id.* at 5. This conclusory language is applicable to any personal property and does not support the entry of writ of sequestration. The only evidence as to the condition of the Track Loader is an affidavit from Marques, which states that the Track Loader is "well maintained, and in the possession of Lone Star. It is kept under cover and is not exposed to the elements." Dkt. 30-1 at 1.

Without any evidence that there is an immediate danger that Defendants will conceal, dispose of, ill-treat, waste, or destroy the Track Loader, I recommend that Wells Fargo's request for a writ of sequestration be denied. *See Ferrari Fin.*

8

*Servs., Inc. v. Mills*, No. 1:24-cv-1009, 2025 WL 1174630, at *3 (W.D. Tex. Feb. 4, 2025) (recommending denial of writ of sequestration because movant "failed to proffer any facts or argument from which this Court could reasonably infer an 'immediate danger' that Mills will 'conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county' during the pendency of this case) (quoting Tex. Civ. Prac. & Rem. Code § 62.001(1)); *Insight Invs., LLC v. Icon Constr., Inc.*, No. 4:18-cv-00531, 2020 WL 5172472, at *4 (E.D. Tex. Aug. 12, 2020) (recommending denial of an application for a writ of sequestration where "Plaintiff has not demonstrated an imminent danger to the [property] as required under Section 62.001").

## CONCLUSION

For the reasons discussed above, I deny Defendants' Motion for Leave to File Amended Counterclaim (Dkt. 22) as moot and grant Wells Fargo's Motion to Enforce Jury Waiver and Strike Defendants' Request for Jury Trial (Dkt. 19). I recommend that Wells Fargo's Motion to Dismiss Defendants' Counterclaim (Dkt. 18) be denied as moot, that Wells Fargo's Motion to Dismiss Defendants' Amended Counterclaim (Dkt. 27) be granted, and that Wells Fargo's Renewed Application for Writ of Sequestration (Dkt. 29) be denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this ___8th___ day of June 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

9